IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GUARDIAN NEWS & MEDIA LLC**
**d/b/a "Guardian U.S."**
61 Broadway
New York, NY 10006

         Plaintiff,

   v.

**U.S. IMMIGRATION AND CUSTOMS**
**ENFORCEMENT**
500 12th St., NW
Washington, DC 20024

        Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Guardian News & Media LLC, d/b/a Guardian U.S. ("Guardian U.S." or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against U.S. Immigration and Customs Enforcement ("ICE" or "Defendant").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under FOIA to release records related to pregnant, postpartum, and nursing people in ICE custody.  Plaintiff is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3.    The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.    Plaintiff Guardian News & Media LLC operates The Guardian U.S.  The Guardian U.S. has received numerous awards, including an Edward R. Murrow Award and George Polk Award, and is renowned for the Paradise Papers investigation.  It is located at 61 Broadway, New York, New York 10006.

6.    Defendant U.S. Immigration and Customs Enforcement is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  ICE's headquarters is located at 500 12th St. SW, Washington, DC 20024.

## Facts

7.    ICE Directive 11032.4 requires ICE Health Services Corps ("IHSC") to "maintain information regarding all individuals known to be pregnant, postpartum, and nursing detained in ICE custody[.]"  Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals, ICE Directive 11032.4(2.2) (July 1, 2021), https://www.ice.gov/doclib/detention/11032.4_IdentificationMonitoringPregnantPostpartumNursingIndividuals.pdf.

8. On January 5, 2026, Plaintiff submitted a FOIA request to the ICE FOIA Office via the SecureRelease portal (the "Request").  A true and correct copy of the Request is attached hereto as **Exhibit 1** and is incorporated by reference.

9. The Request sought:

    a. Records relating to or embodying any amendments, modifications, additions, deletions, or other changes to the 2021 Pregnancy Directive.

    b. Records, including communications, such as grievances and requests received by ICE from persons in ICE detention relating to pregnancy, postpartum, and lactation including medical and custody concerns related to pregnancy, postpartum, and lactating individuals.

    c. From Fiscal Year 2025 to the date this request is fulfilled, any databases, spreadsheets, lists, and other data compilations reflecting the following:

        i. The total number of individuals ICE has identified as pregnant while in ICE detention, broken down by month and detention facility;

        ii. The total number of incidents of miscarriages and live births in ICE detention broken down by detention facility;

        iii. For each person identified as pregnant, postpartum, and lactating in ICE detention, the following data:

- The total time period they remained in ICE detention, including the initial date of detention, date of release and any transfers between detention facilities;
- For each person released from ICE detention, information indicating whether the person was released on a grant of parole, bond, recognizance, an order of supervision, and/or placed into an ICE alternative to detention program;
- For each person who departed from the United States directly from ICE detention, information indicating whether the person departed on an order of voluntary departure, an expedited order of removal, reinstatement of prior removal order, final administrative removal order, or an order of removal entered by an Immigration Judge;
- Information indicating whether and the number of times each person was transferred to an external medical facility such as a hospital, emergency room or other medical care facility for medical care or treatment associated with the pregnancy and the date of such transfer.

Ex. 1.

10.  The Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.  *See* Ex. 1.

11.  The Request also sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and set forth facts in support thereof.  *See* Ex. 1.

12.  The Request further sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and set forth facts in support thereof.  *See* Ex. 1.

13.  On January 15, 2026, Plaintiff received an email acknowledging receipt of the Request and assigning tracking number 2026-ICFO-10332 to the Request (the "Acknowledgement").  A true and correct copy of the Acknowledgement is attached hereto as **Exhibit 2**.

14.  The Acknowledgement denied The Guardian's request for expedited treatment and did not adjudicate the request for a fee waiver.  *See* Ex. 2.

15.  As of the date of the filing of this Complaint, it has been approximately 72 calendar days and 50 business days since Plaintiff submitted the Request to Defendant.

16.  As of the date of the filing of this Complaint, Plaintiff has received no further communications from Defendant regarding the Request.

<u>Causes of Action</u>

**COUNT I**
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

17.  Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

18.  Defendant is an agency subject to FOIA.

19. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

20. Defendant failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

21. Defendant's failure to provide determinations with respect to the Request within the statutory required timeframe is a violation of FOIA.

22. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

## COUNT II
### Violation of FOIA for Wrongful Withholding of Agency Records

23. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

24. Defendant is an agency subject to FOIA.

25. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

26. The Request complied with all applicable regulations regarding the submission of FOIA requests.

27. Defendant has not released any records or portions thereof in response to the Request.

28. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

29.    Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

30.    Defendant has improperly withheld records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Issue a declaration that Defendant's failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA;

(2)    Order Defendant to complete its search for records responsive to the Request, and to issue determinations with respect to the Request;

(3)    Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

(4)    Issue a declaration that Guardian U.S. is entitled to disclosure of the records responsive to the Request;

(5)    Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(6)    Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7)    Grant such other relief as the Court may deem just and proper.

Dated:  March 18, 2026

Respectfully submitted,

*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

7