UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUARDIAN NEWS & MEDIA LLC d/b/a "Guardian U.S.", Plaintiff, v. IMMIGRATION AND CUSTOMS ENFORCEMENT, Defendant. | Civil Action No. 26-0944 (DLF) |

# ANSWER

Defendant Immigration and Customs Enforcement (the "Agency"), by and through its undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed in this case by Plaintiff Guardian News & Media LLC ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits that this is a FOIA action against the Agency and denies the rest.

2. This paragraph contains conclusions of law, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Agency presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant admits that this is a FOIA action against the Agency and denies the rest.

**Jurisdiction and Venue**[1]

3. This paragraph contains conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this court has jurisdiction subject to the terms and limitations of the FOIA.

4. This paragraph contains conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue lies in this judicial district for a proper claim under FOIA.

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## Parties

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Agency presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. Defendant admits the Agency is a federal agency subject to FOIA and Washington D.C. is where the Agency is headquartered. Defendant avers that it is continuing to process the Plaintiff's requests. The remaining allegation in this paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, the Agency denies.

## Facts

7. This paragraph contains conclusions of law, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Agency presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). Defendant admits. To the extent a

response is deemed required, Defendant admits that this is a FOIA action against the Agency and denies the rest.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph. The remainder of this paragraph consists of Plaintiff's characterizations of the FOIA requests, to which no response is required. To the extent a response is deemed required, the Agency avers that the FOIA request speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

9. Defendant admits receiving Plaintiff's FOIA request. To the extent a response is deemed required, the Agency avers that the FOIA request speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

10. Defendant admits receiving Plaintiff's FOIA request. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Agency presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, the Agency avers that the FOIA request speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

11. Defendant admits receiving Plaintiff's FOIA request. Defendant avers that the FOIA request speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

12. Defendant admits receiving Plaintiff's FOIA request. To the extent a response is deemed required, the Agency avers that the FOIA request speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

13. Defendant admits acknowledging receipt of a FOIA request on January 15, 2026, with the assigned tracking number 2026-ICFO-10332. To the extent a response is deemed required, the Agency avers that the document speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

14. Defendant admits acknowledging receipt of a FOIA request on January 15, 2026, with the assigned tracking number 2026-ICFO-10332. To the extent a response is deemed required, the Agency avers that the document speaks for itself and is the best evidence of its contents and denies any allegations inconsistent therewith.

15. Defendant admits acknowledging receipt of the FOIA request on January 15, 2026, with the assigned tracking number 2026-ICFO-10332 and that Plaintiff filed a complaint on March 18, 2026. To the extent a response is deemed required, the Agency avers that the FOIA request and the Complaint speak for themselves and are the best evidence of their contents and denies any allegations inconsistent therewith.

16. Defendant admits that it has not yet issued a final response to Plaintiff.

## Causes of Action

**COUNT I**
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

17. Defendant realleges and reincorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

18. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits the Agency is a federal agency subject to FOIA.

19. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

20. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

21. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

22. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**COUNT II**
**Violation of FOIA for Wrongful Withholding of Agency Records**

23. Defendant realleges and reincorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

24. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits the Agency is a federal agency subject to FOIA.

25. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

27. Defendant admits that it has not yet issued a final response to Plaintiff.

28. Defendant admits that it has not yet issued a final response to Plaintiff.

29. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

30. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## Requested Relief

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

1. Plaintiff is not entitled to compel production of information exempt from disclosure by one or more exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

2. FOIA does not provide for declaratory relief against a federal agency.

**THIRD DEFENSE**

3. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

4. This Court lacks subject-matter jurisdiction to the extent Plaintiff's request for relief exceeds that authorized by FOIA.

**FIFTH DEFENSE**

5. Defendant has not improperly withheld records requested by Plaintiff under FOIA.

**SIXTH DEFENSE**

6. Defendant's actions or inactions did not violate FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

7. Plaintiff is neither eligible for or entitled to attorneys' fees and costs.

**EIGHTH DEFENSE**

8. At all times, Defendant acted in accordance with the law.

**NINTH DEFENSE**

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a

FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

* * *

Dated: April 24, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s\/ Robert J. Morris, II*
ROBERT J. MORRIS, II
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*